BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-02-0464-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 4, 2003


______________________________



PATRICIA LYNN KYLES,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 86473; HON. CHARLES D. CARVER, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________


Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Patricia Lynn Kyles (appellant) appeals her conviction for misdemeanor theft. The
clerk's record was filed on October 15, 2002. The reporter's record was filed on December
12, 2002. Thus, appellant's brief was due on January 13, 2003. However, one was not
filed on that date. By letter dated January 21, 2003, we notified appellant's counsel,
Norman Desmarais, of the expired deadline and directed him to respond to our notification
of same by Friday, January 31, 2003, or the appeal would be abated to the trial court
pursuant to Tex. R. App. P. 38.8. January 31, 2003, passed without appellant submitting
any response to our notice. 

 Consequently, we abate this appeal and remand the cause to the Criminal District
Court of Jefferson County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent; and,


 3. whether appellant has been denied the effective assistance of
counsel due to counsel's failure to timely file a brief. See Evitts v.
Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821,
828 (1985) (holding that an indigent defendant is entitled to the
effective assistance of counsel on the first appeal as of right and that
counsel must be available to assist in preparing and submitting an
appellate brief). 

 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and was denied effective assistance of counsel, then we
further direct the court to appoint new counsel to assist in the prosecution of the appeal. 
The name, address, phone number, telefax number, and state bar number of the new
counsel who will represent appellant on appeal must also be included in the court's
findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before March 5, 2003. Should additional
time be needed to perform these tasks, the trial court may request same on or before
March 5, 2003.

 It is so ordered.

 Per Curiam

Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 


 SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Shading"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00232-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
29, 2010

 



 

BARSHA FANNER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

 

NO. 11,293; HONORABLE DAN MIKE BIRD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ABATE AND REMAND

 

Appellant,
Barsha Fanner, filed a notice of appeal from his
conviction for aggravated assault, and sentence of forty-five years
incarceration in the Institutional Division of the Texas Department of Criminal
Justice.  The appellate court clerk
received and filed the trial court clerk=s record on June 22, 2010, and the trial court reporter=s record was received and filed on
June 24, 2010.  Thus, appellant=s brief was due on or before July
26.  Appellant did not file his brief or
request an extension of time to file his brief by this deadline.  Consequently, on August 4, this Court sent
appellant notice that, pursuant to Texas Rule of Appellate Procedure 38.8,
failure to file his brief by August 16, may result in the appeal being abated
and remanded without further notice.  On
August 16, appellant filed a motion for extension of time to file appellants
brief requesting an extension until August 23. 
This motion was granted by this Court on August 16.  On August 23, appellant again filed a motion
for extension of time to file appellants brief.  This Court denied this second motion because
it failed to show good cause for the extension, and appellant was notified that
his brief was due on or before September 15, and that failure to comply with
this deadline may result in the appeal being abated and remanded without
further notice.  As of the date of this
order, appellant has failed to file his brief. 

Accordingly,
we now abate this appeal and remand the cause to the trial court.  See Tex.
R. App. P. 38.8(b)(2).  Upon remand, the judge of the trial court is
directed to immediately cause notice to be given of and to conduct a hearing to
determine: (1) whether appellant desires to prosecute this appeal; (2) if
appellant desires to prosecute this appeal, whether appellant is indigent and
whether counsel for appellant has abandoned the appeal; (3) if appellant
desires to prosecute this appeal, whether appellant=s present counsel should be replaced;
and (4) what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant=s appeal if appellant does not desire
to prosecute this appeal or, if appellant desires to prosecute this appeal, to
assure that the appeal will be diligently pursued.  If the trial court determines that the
present attorney for appellant should be replaced, the court should cause the
Clerk of this Court to be furnished the name, address, and State Bar of Texas
identification number of the newly-appointed or newly-retained attorney.  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
See Tex. R. App. P. 38.8(b)(3).  In the absence
of a request for extension of time from the trial court, the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than October 29, 2010.           

 

Per Curiam

Do not publish.